UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RUSSO<br>1378 Sunview Road<br>Lyndhurst, OH 44124<br><br>*On behalf of himself and all others similarly situated,*<br><br>        Plaintiff,<br><br>   *v.*<br><br>VILLAGE OF PUT-IN-BAY<br>431 Catawba Avenue<br>Put-in-Bay, OH 43456<br><br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COLLECTIVE**<br>**ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Michael Russo, by and through counsel, respectfully files this Collective Action Complaint against the Village of Put-in-Bay and states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge policies and practices of the Village of Put-in-Bay (hereinafter "Defendant") that violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. Plaintiff Michael Russo is a citizen of the United States and a resident of Cuyahoga County, Ohio.

5. Defendant Village of Put-in-Bay is an Ohio municipality with its principal offices located at 431 Catawba Avenue, Put-in-Bay, OH 43456.

## FACTUAL ALLEGATIONS

### Defendant's Police Department

6. Defendant operates a police department which serves the residents and visitors of the Village of Put-in-Bay.

### Plaintiff's and the FLSA Collective's Employment with Defendant

7. Plaintiff Michael Russo was employed by Defendants from about January 2019 to June 2020 as a police officer. He was promoted to Lieutenant on or about February 2020.

8. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

9. Plaintiff and the FLSA Collective were classified by Defendants as exempt employees.

### Defendant's Status as an Employer

10. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(s), and employed hourly employees, including Plaintiff and the FLSA Collective.

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. Defendant is an employer of Plaintiff as Defendant exercises the power to hire and/or fire police officer employees; supervises and controls their work schedules and conditions of employment; determines police officer employees' rates and methods of payment; and maintains or is required to maintain records, including employment records.

### Defendant's Misclassification of Plaintiff and other Members of the FLSA Collective

13. The FLSA, 29 U.S.C. § 213, provides certain "exemptions" from the minimum wage and maximum hour requirements contained within 29 U.S.C. §§ 206 and 207. For example, § 213(a)(1) provides an exemption for certain workers employed in a bona fide executive, administrative, or professional capacity.

14. However, 29 C.F.R. § 541.3(b)(1), promulgated by the Department of Labor pursuant to its rulemaking authority under the FLSA, also specifically provides in pertinent part,

> [t]he section [2]13(a)(1) exemptions and the regulations in this part also do not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, correctional officers, parole or probation officers . . . and similar employees, **regardless of rank or pay level**, who perform work such as . . . preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.

(Emphasis added).

15. Defendant classified Plaintiff and other members of the FLSA Collective as exempt employees.

16. However, pursuant to the FLSA and regulations thereunder that have the force of law, Plaintiff and other members of the FLSA Collective were misclassified as exempt employees because their duties, including but not limited to principle duties, included those listed in 29 C.F.R. § 541.3(b)(1). These duties performed by Plaintiff and other members of the FLSA Collective included preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.

17. As a result of Defendant's misclassification, Defendant's failure to pay Plaintiff and other members of the FLSA Collective their earned wages and overtime compensation violates the FLSA.

### Defendant's Comp Time / Overtime Violations

18. Under the FLSA, employees of local government agencies may receive compensatory time off ("comp time"), at a rate of not less than one and one-half hours for each overtime hour instead of cash overtime pay under certain proscribed conditions. 29 U.S.C. § 207(o); 29 C.F.R. § 553.22.

19. Law enforcement personnel like Put-in-Bay police officers and similar employees may accrue up to 480 hours of comp time. 29 U.S.C. § 207(o)(3). An employee must be permitted to use comp time when requested unless doing so would "unduly disrupt" the operations of the agency. 29 U.S.C. § 207(o)(5).

20. Upon termination of employment, law enforcement personnel like the Put-in-Bay police must be paid for their unused comp time. 29 U.S.C. § 207(o)(4).

21. By policy and practice, the Put-in-Bay police department violated the requirements of 29 U.S.C. § 207(o) in the following ways: (1) Defendant only paid "straight time" for comp time hours; (2) Defendant only allowed comp time to be accrued up to 160 hours, and did not paid any comp time above that amount; and (3) Defendant refused to pay comp time upon termination of employment.

22. For example, upon termination of employment, Plaintiff Michael Russo had over 800 hours of unpaid comp time for which he was not paid.

23. Defendant's deliberate failure to pay hourly employees their earned wages and overtime compensation violates the FLSA.

24. Plaintiff and other members of the FLSA Collective are entitled to earned wages and overtime compensation as a result of Defendant's comp time and overtime violations.

25. Defendant's illegal pay practices concerning comp time were the result of systematic policies applied to Plaintiff and other members of the FLSA Collective employed by the Put-in-Bay police department.

### The Willfulness of Defendant's Violations

26. Defendant knew that Plaintiff and other members of the FLSA Collective were entitled to overtime compensation pursuant to federal law or acted in reckless disregard for whether they were so entitled.

27. The above practices and policies resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219.

### COLLECTIVE ACTION ALLEGATIONS

5

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

30. The FLSA Collective consists of:

> All present and former police officers and employees with similar job titles and/or duties of Defendant during the period three years prior to the filing of this complaint to the present.

31. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime for all hours worked over forty (40) in a workweek, and all have the same claims against Defendant for unpaid overtime, as well as for liquidated damages, attorneys' fees, and costs.

32. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

33. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 10 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.

**COUNT ONE**
**(FLSA Overtime Violations)**

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

36. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

37. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

38. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

39. By engaging in the above practices and policies, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

40. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages and an equal amount in liquidated damages; and

D. Award Plaintiffs their costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

        Respectfully submitted,

        *s/ Ryan A. Winters*
        Joseph F. Scott (0029780)
        Ryan A. Winters (0086917)
        Kevin M. McDermott II (0090455)
        SCOTT & WINTERS LAW FIRM, LLC
        The Caxton Building
        812 Huron Rd. E., Suite 490
        Cleveland, OH 44115
        P: (216) 912-2221 | F: (216) 350-6313
        jscott@ohiowagelawyers.com
        rwinters@ohiowagelawyers.com
        kmcdermott@ohiowagelawyers.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

s/ <i>Ryan A. Winters</i><br>
Ryan A. Winters (0086917)