UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL RUSSO,<br>*On behalf of himself and all others similarly situated,*<br><br>　　　　　Plaintiff,<br><br>*v.*<br><br>VILLAGE OF PUT-IN-BAY,<br><br>　　　　　Defendant. | CASE NO. 3:20-CV-1469<br><br>JUDGE JEFFREY J. HELMICK<br><br>**PARTIES' STIPULATION ON ISSUES** |

The parties hereby identify issues no longer in controversy and, to the best of their current knowledge, issues which remain in controversy.

### Issues Not in Controversy

1. Plaintiffs (the term "Plaintiffs" includes opt-in Plaintiffs, who joined the case pursuant to 29 U.S.C. § 216(b)) were non-exempt employees of Defendant at some (Defendant) or all (Plaintiffs) times, pursuant to 29 C.F.R. § 541.3(b)(1). Pursuant to 29 U.S.C. § 207(k), 29 C.F.R. §553.220-553.233, when non-exempt they were entitled to overtime pay.

2. Overtime owed should be calculated based on 29 U.S.C. 207(k); 29 C.F.R. §553.220-553.233.

3. Because Defendant is a public employer, it was entitled to pay non-exempt employees compensatory time, subject to the requirements of 29 U.S.C. § 207(o); 29 C.F.R. § 553.20 – 553.28. Any compensatory time awarded *and used by or paid out* to a Plaintiff offsets the amount of overtime due that Plaintiff.

4. During at least a portion of Plaintiffs' employment, they were subject to a noncompliant compensatory time policy which (a) failed to pay overtime after compensatory time was capped and (b) failed to pay out compensatory time paid in lieu of overtime at termination, which failure to pay out was contrary to 29 U.S.C. § 207(o).

5. Plaintiffs are owed some amount of overtime/compensatory time under the FLSA.

### Issues in Controversy

6. Whether Russo's 1/31/19 bankruptcy filing bars his claims on or before 1/31/19.

7. Whether the FLSA's "small department" exemption (29 U.S.C. § 213(b)(20)) applies and, if so, the workweeks to which it applies.

8. Whether the proper measure of pay owed for overtime and/or compensatory time hours is 50% of the regular rate or 150% of the regular rate.

9. Whether some of the time for which Plaintiffs were paid was spent on duty or on call (including barracks time or travel time), and whether all of the time for which Plaintiffs were paid counts as compensable work hours requiring the accrual of overtime and/or compensatory time.

10. The amount of Plaintiffs' recoverable damages, costs and attorneys' fees.

11. Any other applicable statutes, regulations, case law or other authorities.

Respectfully submitted,

| | |
|---|---|
| */s/ Morris L. Hawk* | */s/Ryan A. Winters* |
| Barry Y. Freeman (0062040) | Joseph F. Scott (00029780) |
| bfreeman@ralaw.com | jscott@ohiowagelawyers.com |
| Morris L. Hawk (0065495) | Ryan A. Winters (0086917) |
| mhawk@ralaw.com | rwinters@ohiowagelawyers.com |
| Susan Keating Anderson (0075456) | Kevin M. McDermott II (0090455) |
| sanderson@ralaw.com | kmcdermott@ohiowagelawyers.com |
| ROETZEL & ANDRESS | SCOTT & WINTERS LAW FIRM LLC |
| 1375 East Ninth Street | The Caxton Building |
| One Cleveland Center, 10th Floor | 812 Huron Rd. E., Suite 490 |
| Cleveland, Ohio 44114 | Cleveland, OH 44115 |
| Phone: 216-615-4850/Fax: 216-623-0134 | P: 216.912.2221: F: 216.350.6313 |
| | |
| *Attorneys for Defendant Village of Put-In-Bay* | *Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Ryan A. Winters*
Ryan A. Winters (0086917)

17531585