UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL RUSSO, *on behalf of himself and all others similarly situated,* ) ) ) | CASE NO. 3:20-cv-1469 |
| ) | JUDGE JEFFREY J. HELMICK |
| Plaintiffs, ) ) ) | |
| *v.* ) ) ) | |
| VILLAGE OF PUT-IN-BAY, ) ) ) | |
| Defendant. ) | |

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT AND DISMISSING ACTION

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement ("Joint Motion") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed *Joint Stipulation of Settlement and Release* ("Settlement Agreement") attached to the Joint Motion as Exhibit 1, as well as the Individual Payments Allocation Schedule attached to the Settlement and Release as Exhibit A.

Having reviewed the Settlement Agreement, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Approving Settlement and Dismissing Action, as follows:

1. Named/Representative Plaintiff Michael Russo and Opt-In Plaintiffs Melissa Wilde and Terry Rutledge assert wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219. Defendant Village of Put-In-Bay has denied any such violations.

2. The Settlement will cover Named Plaintiff Michael Russo and the other participating Opt-In Plaintiffs, Melissa Wilde and Terry Rutledge, as provided in the Settlement

Agreement and Individual Payments Allocation Schedule, all of whom joined the action by submitting consent forms filed with the Court in accordance with 29 U.S.C. § 216(b).

3. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *18-19 (S.D. Ohio May 30, 2012); *Hill v. Medicare Transport, Inc.*, N.D. Ohio No. 5:19CV1582, 2019 U.S. Dist. LEXIS 182622, at *1-3 (Oct. 22, 2019); *Jackson v. Trubridge, Inc.*, N.D. Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017).

4. The Court approves the Settlement Agreement and Individual Payments Allocation Schedule, and orders that the Settlement Agreement be implemented according to its terms and conditions and as directed herein.

5. The Court finds that the Total Settlement Amount, as well as the proposed distributions to the Plaintiffs as listed in the Individual Payments Allocation Schedule, are fair and reasonable. The Court approves the Individual Payments Allocation Schedule and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

6. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement. Based on the evidence and arguments presented in the motion papers, the fee payment falls within the range of fees awarded by courts within this district in other FLSA settlements.

7. The Court dismisses this Action, and all claims in this matter, with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

8. As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**SO ORDERED:**

s/ Jeffrey J. Helmick
United States District Judge